### Charles H. P. Plympton & others *vs.* Olive S. Plympton & others.

In computing the amount of a widow's share in the estate of her husband, under *St.* 1861, c. 164, upon her waiving the provisions of his will in her behalf, promissory notes held by him at the time of his death, and given by him in his will to the makers thereof, are to be regarded as assets; and the personal property is to be estimated at its value at the time of distribution.

If a testator bequeaths the income of certain property to his wife so long as she lives and remains his widow, for the support of herself and her two children, and she waives the provisions of the will in her behalf, the two children are entitled to the whole of such income, during the time specified.

If a testator who bequeaths the income of certain property to his wife, so long as she lives and remains his widow, for the support of herself and her two children, and appoints her guardian of said children, provides also that during that time no change in any investment shall be made without her consent, her waiver of the provisions of the will in her behalf does not give to the trustees of the property the right to change investments without her consent.

BILL IN EQUITY in the nature of a bill of interpleader, to obtain the instructions of the court as to the duty of the plaintiffs as executors of and trustees under the will of Henry Plympton, late of Boston, deceased.

The will contained the following bequests and provisions, amongst others:

" To Edward A. Pierce, of Wayland, Massachusetts, his two notes of one hundred dollars each, which I hold, and interest due on same, if unpaid at my decease, to be presented to him as a compliment.

" *Fourth.* Whereas my son, Charles Henry Paine Plympton owes me his note for twenty-five thousand dollars, and in case this remains unpaid at my decease, I hereby direct that said note be given up to him, taking his receipt for the same," &c.

" *Fifth.* All the rest, residue and remainder of my estate, whether real, personal or mixed, and wheresoever and howsoever the same may be situated, which I now own as well as that which I may own or be entitled to at the time of my decease, I give, devise and bequeath to my son Charles Henry Paine Plympton of Cambridge, Massachusetts, and Daniel Kimball, Esquire, of Boston, county of Suffolk, and Daniel Kimball, Jr., of Boston, county of Suffolk, merchants, nevertheless in strict trust and for the following purposes:

" 1st. [This made certain provisions for the widow, which are now immaterial.]

" 2d. Three fourths of all the net income arising from the said rest, residue and remainder of my estate shall be paid by my executors and trustees to said Olive S. Plympton, my wife, so long as she lives and remains my widow, for the support of herself and her two children, Susannah Ruggles Plympton and Mary Louise Plympton, and on her individual receipt. And I hereby appoint her guardian of said children, Susannah R. and Mary L., she not to be required to give bonds as guardian.

" 3d. [This is now immaterial.]

" 4th. At the death of my wife, Olive S. Plympton, or on her

ceasing to be my widow, then all the net income arising from said rest, residue and remainder of my estate shall be divided and paid as follows: One third to my daughter, Mrs. Emily Jane Plympton; one third to my daughter, Susannah R. Plympton; one third to my daughter, Mary L. Plympton, and on the individual receipt of each, and free from all control of her husband. But if after the death of my widow or on her ceasing to be such the net income of my estate, divided as last stated, affords to each daughter an income exceeding fifteen hundred dollars per annum, the excess over and above said fifteen hundred dollars shall be equally divided among said daughters and my son Charles H. P. Plympton. [Here followed further provisions, which are now immaterial, for various contingencies.]

"*Sixth.* [There were various provisions respecting investments by the trustees.] But while my wife lives or remains my widow, no change in any investment to be made without her consent."

The same persons named as trustees were also appointed executors of the will, and accepted the trusts. It appeared by the bill and answers that the widow of the testator duly filed in the probate office a waiver of the provisions of the will in her behalf; that the testator left surviving him the four children already named, two of whom were minor daughters of said Olive S. Plympton, who was also their guardian; that the inventory of the testator's personal property amounted to about $118,000, and greatly increased in value after his death; that the widow claimed that the notes of Pierce and Charles H. P. Plympton, referred to in the will, should be regarded as assets of the estate, in computing the amount of her share therein; and that her two children, by their guardian, claimed that the whole income directed in the will to be paid to the said Olive for the support of herself and her two children should, since her waiver of the provisions of the will in her behalf, be paid to her for the use and benefit of the said two children, and that on her death or marriage, they would be entitled to receive one third each of the net income of all said residue and

remainder during their respective lives, and that the said Olive, by her said waiver, did not divest herself of the right or duty, under the will, to supervise and restrain the trustees in making investments.

*W. Brigham,* for the executors.

*W. Minot, Jr.,* for the widow and children.

DEWEY, J. The effect of the waiver of the provisions of the will of Henry Plympton by his widow was, to entitle her to such portion of his real and personal estate as would have passed to her if her husband had died intestate, subject, however, to the limitation fixed by a recent statute, that she can receive the income only of the excess of her share of his personal estate above the sum of ten thousand dollars, during her natural life. *St.* 1861, *c.* 164. The renunciation by the widow of the provisions of the will does in the present case, as it must in most cases, materially affect other legatees, by reducing the amount of assets to be disposed of by the testator, and to some extent defeats the particular disposition of his property designed by the testator. This result is, however, to be avoided as far as practicable, and the bequests to the other legatees are to have full effect, so far as any estate remains from which they may be paid. *Firth* v. *Denny,* 2 Allen, 468.

In computing the amount of personal estate of which the widow is entitled to a distributive share, it is to be taken as if the husband had died intestate. Of course no diminution can arise from any legacies or gifts contained in the will. Hence the promissory notes of Edward A. Pierce and Charles H. P. Plympton, held by the testator, are to be regarded as assets of his estate, in setting apart to the widow her distributive share.

The personal property, for the purpose of ascertaining the portion of the widow, is to be estimated at its value at the time of the distribution or assignment to the widow of her share.

Under the 2d article of the 5th clause of the will, the minor children, Susannah Ruggles Plympton and Mary Louise Plympton, who were made joint legatees with their mother of three

fourths of the net income of the residue of the estate, after the payment of other legacies provided for, take the whole of said three fourths net income as *cestuis que trust*, the income to be paid to them in the mode indicated by the provisions of the will. By this legacy, the persons who are to take are to take jointly and collectively. The waiver by the wife of her interest therein defeated her right as one of the joint legatees to the benefit of this legacy. But it did not impair the rights of the other joint legatees, but, on the contrary, the effect was to leave them as the recipients of the entire sum given by the testator under this clause of the will.

At the death of the widow, or on her ceasing to be such widow, the three fourths of the net income above referred to, as also the amount of property over ten thousand dollars of which she had the income as a part of her distributive share, are to be disposed of agreeably to the provisions of the 4th article of the 5th clause of the will.

The provision of the 6th article of the 5th clause, " but while my wife lives or remains my widow, no change in any investment to be made without her consent," is not abrogated by the waiver of the widow of her personal rights under the will. This provision may be supposed to have been made for the benefit of the minor children, as well as his wife. The testator having so directed, and the same not being a personal benefit to be defeated by her waiver of the will as to any provisions for her use and benefit, this clause must be deemed to be still operative.